Good morning. May it please the court. First, I'd like to apologize for being late. I couldn't find a parking lot that was open downstairs. They were all full. There are a number of causes of action in this case. I'd like to focus on the IDEA cause of action, the action under 504 and the ADA. And I'd like to discuss those causes of action because I believe the district court, I submit to the district court, when it did its analysis, it did it backwards. When I say it did it backwards, it's our contention that special education students with their IEPs, when this mask mandate went into effect, didn't have anything on their IEP that allowed for or required a mask. And what the school districts in the city, throughout the state, should have done is they should have either reconvened CSC committee, sent the parents notice so they could come up with a plan to determine whether or not the special ed kids would be affected by the mask mandate. Can I, I don't want to interrupt you, except I'm really interested in the mootness question and I'm hoping that you'll spend some time on that while you're here. The, I would submit matter is not moot. In the first instance, there are still COVID protocols throughout the state. People are still wearing masks. I know that on February 23rd, the statute expired. So there's no statute that's in your whole attack with regard to the statute? The statute no longer exists? Well, there was never a valid statute in the first place. Well, whether it was or wasn't, it no longer exists. It no longer injures your clients. The reason that I believe the case is not moot is the legislature had stripped the governor of emergency powers back in the summer of 2021. Right. When Governor Hochul took office, though she did not have the authority to direct that a mask mandate be put in place, particularly in the schools, she did so. But that, but that mask mandate hasn't existed since March of 2022. That mandate was lifted in March 2022. And there's no indication that she's going to reinstate it or any statutory authorization for it. So how are you injured? Well, if I may. Are your clients currently required to wear masks? Not currently. No, but no is the answer. If I may, my client EF, when she was required to wear a mask and applied for an exemption and didn't get one. I understand that, but she's no longer required to wear a mask, is she? But she was injured and she missed school. The ninth cause of action. I thought it was just a PI. Right. The ninth cause of action does allege a violation of the IDEA and a deprivation of a fate. And we're not seeking money damages. Then how else could her injury be redressed but for money damages since there's no longer a reason for an injunction since she's no longer required to do something that you think violates her rights. Her injury can be redressed by making up. We've had this three times now. This is the third time we've had a similar type case. And in the other two cases, we've said the case was moved. Why is yours different? Because EF suffered a harm that can still be redressed in the form of compensatory education. She missed school. She's 16 year old. She is autistic and has sensory problems wearing a mask. She has anxiety. She applied for an exemption. But the exemptions were not spelled out anywhere. Very broad quote unquote. Did she seek a hearing after she was denied that in terms of her IEP, etc? She sought an appeal to the- The administrative appeal? She took an appeal to the State Department of Education. Okay. And they found that she was not entitled to an exemption. Okay. But these exemptions were not laid out anywhere. And they were not differentiated between neurotypical students and students with disabilities. This mandate was anybody two years old and above who could medically tolerate a mask was required to wear one. Plaintiffs submit that it was up to the city or the state in the case of children with disabilities under the IDEA and the state education law to determine in the first instance whether or not they could wear a mask medically. The three plaintiffs in this case, SJD, medically fragile, although she was in private school, could not wear a mask. But the relief you're seeking is an injunction prohibiting the use of masks now, the mandate. And that mandate has been lifted. So what is it that you want us to do that isn't already done? I think that's it. All right. Given that there is an injury that can be redressed, again, in the form of compensatory education, the district court dismissed this case with prejudice. If it turns out that EF was denied because she was out of school for three or four months, she had many latenesses, there is whether a complaint gets amended or whether a fair reading of the complaint, as I said, the ninth cause of action, alleges a violation of the IDEA, denial of fate, and even raises a pendency issue because each of these children had a then current educational setting before the mask mandate was imposed over the summer. That was their IEP. It didn't require them or dictate or mandate they wear a mask. Well, if we dismiss this moot, that would be without prejudice, so maybe that would work out well for you. If the district court dismissed the case with prejudice and you dismiss it without, I'm afraid I'll run into a race judicata issue. I'm sure the defendants will say, we should have raised this in the first instance. But in the first instance, the harm didn't exist. It was continuing through the school year. When we filed the complaint, EF had requested an exemption. It took four months to hear whether she would get the exemption or not. At oral argument, we were made aware that she was denied the exemption and would have to appeal that to the State Department of Education. But when the complaint was first filed, we anticipated these issues would cause injury to not only our client, the other client SN, the student who's got speech impediments, speech issues that needs to see his teacher's face and needs his face to be seen in order to learn. The mask interfered with his learning as well. But that happened progressively when school started. The mandate went into effect in August, so there were no harms over the summer. We waited for the district court to rule on a TRO and preliminary injunction. And when he finally did, he denied both and dismissed the case outright. There was no opportunity to address any of these other injuries more fully in the district court. So, and maybe you just answered the question, but I'm not finding in the complaint this sort of prayer for relief that you're describing now, which is some sort of compensatory education. Can you point me, I may well be missing it. Compensatory education, those words are not in the complaint. But the ninth cause of action Talks about a denial. So it's violating plaintiff's pendency rights. Could you tell us the page you're reading from? I apologize, yes, your honor. Thank you. See, it's 123 of the complaint. I have it off the docket. I don't have the version that's in the appendix. So it's 123 of the complaint. No, I'm sorry. 123 of the complaint in the appendix is A203. It begins on the bottom of 122. Thank you. Thank you, counsel. You've reserved two minutes for rebuttal. Were you in the middle of answering a question? I'm sorry. Well, I was just going to point out that while we don't use the term compensatory damages, we do allege that they denied these students with IEPs a fate, as required by law, subjecting the students to mandatory masks in contrary to the terms of their IEPs. Based on the proceeding, plaintiff's parents' rights and those of their students were violated under the IDEA. Now, again, when the complaint was filed, the harm was de minimis. But as the semester progressed, this was October 14th, at one point, because EF wouldn't go to school, the Department of Education sent mom a form to sign so her educational records could be released to ACS because they were contemplating an educational neglect charge against my client, which had to be dealt with because of absences. The absences were occasioned because of the mask wear. At oral argument, the city mentioned that there were those students, not only who were missing school because of they didn't want to wear a mask, but if they refused to wear a mask, could and would be suspended. Now, counsel then added that those kids that were suspended and there was only a handful had behavioral issues. It wasn't just a refusal to wear the mask. It was how they refused to wear the mask. But it's to me beyond the pale that any special education student would be suspended. And they denied anybody who was suspended because they wouldn't wear a mask, remote learning. Even though that had been in effect at one point. If you didn't wear a mask and you were home because you didn't wear- Counsel, counsel, you've reserved two minutes for oral. Do you want to use that now or- I'll reserve that, your honor. Okay, thank you. We'll hear from athletes. Mr. Greco? Greco. Good morning. Matthew Greco for the State Defendants. This appeal should be should be dismissed as moot. It's been more than a year since New York State imposed any masking requirement in schools. And in February of this year, as has been discussed, the underlying regulation, Section 2.60 itself expired. Moreover, because this is an official capacity suit against state officials, there's no live case or controversy because there's no ongoing violation of federal law and no basis for prospective injunctive relief. With the mask requirement long gone, any opinion by this court would be advisory. Moreover, neither of the reasons for declining to dismiss a moot appeal would be applicable here. First, as to the voluntary cessation doctrine, this court has regularly dismissed challenges to COVID regulations where it is clear that there's no reasonable expectation of the regulation being reinstated. And that makes sense because the circumstances that inform the voluntary cessation doctrine just aren't present in the current environment where COVID emergency measures are broadly ending around the country. The voluntary cessation doctrine is meant to ensure that defendants cannot evade review by temporarily altering questionable behavior. And here it is plain that that is not the reason for the expiration. Yes, Your Honor. I think you've briefed the concepts well and appreciate that. I think we heard an argument just now that implicit in count nine, the IDEA count, was an unstated claim for relief in the form of compensatory educational services. Could you respond to that argument as to why this may not be moved? Sure, two points on that, Judge Robinson. First of all, I want to note that as to the state defendants, we never had an opportunity to do anything other than a brief the P.I. motion below. So everything that the state had an opportunity to brief below was moved. As discussed in our brief, because of lack of proper service, there was an extension of time below for the state to respond to the complaint to file an answer or a motion to dismiss. And then what the district court ended up doing is that it dismissed the entire case based on the arguments for dismissal made by the city. And so the city would never had an opportunity, the state never had an opportunity to address those arguments in the papers below. And then secondly, as my friend on the other side has just said, the words compensatory education don't appear in the complaint and- They don't appear in the request for relief either. So far as I recall, Judge Wesley. Anyway. Yeah. And so first of all, to the extent that any such claim could be read into it, I would say that it was not something that the state- Well, the state wouldn't be- Yeah. If it was in the city board of education, the board of regents would- Correct, correct. And so just returning to my earlier point, I think this case is of a piece- From the state's perspective, I mean, the issue with regard to the IDEA and the IEP interactions with AIPs, that's all a city matter, really. The issue about the state regulatory matter of, that's what you're directing your mootness towards, right? Right. The case is moot because first in March 2022, the commissioner's determination, and then in February 2023, section 2.60, in the case of the commissioner's determination, it was changed so that schools were no longer included. And in the case of 2.60, it is now fully expired. If there's, say, a new variant, a surge in cases and fatalities and all that, why isn't it likely that defendants would reinstate the mask? Well, this court's cases have always required to be more than merely a speculative possibility that something would be reinstated to show that it's not moot. So which part is speculative? Are you challenging the premise? Because I want you to assume the premise that there's a surge, a new surge. So which part is speculative? It's speculative that the response would be a, it's two parts. First, it's speculative that the response would be a mask mandate, given the long track record we have of a, you know, 13 months since there was last a mask requirement in schools. And secondly, it is speculative that if there were a new regulation, and there would have to be a new regulation because section 2.60 was expired. And because it was done through the sanitary code rather than through the emergency powers that previously existed, to create a new regulation in the New York State sanitary code would require not just a rulemaking procedure, but it would require action of the Public Health and Health Planning Council. So it's not something the DOH can do without going through the council. So there would be both a, there would have to be a new procedural process to do that. And so the assumption that that would be the response to any new surge after 13 months without a mask mandate, I think qualifies as speculative. In that 13 month period, there have also been periodic rises in infection rates, have there not? As I understand it, yes. Yeah, I don't know if that's in this record because this case, you know, the notice of appeal was filed a while ago. But I think you're correct, Judge Wesley. I suppose if there was a new surge, there would also potentially be a new body of science about that particular variant and its risks. And it would be part of the analysis that we can't- That is correct. That is correct, Judge Robinson. And as we lay out in our brief, even if there were ever a future mask mandate, one of the reasons that the mootness exception doesn't apply is that it wouldn't be the same dispute recurring because there's no guarantee that the new regulation would look the same. Unless the court has further questions, we would ask that the appeal be dismissed as moot. Thank you. Ms. McCampbell. Good morning, your honors. May it please the court. Amy McCampbell on behalf of the city appellees. Your honors, the city fully joins- Ms. Campbell, we have the worst sound system in the world and I have tinnitus. If you'll just shout as if you're reprimanding someone. I'll try my best, your honor. I'll promise my- I'll convince my colleagues not to take offense. I'll try my best, your honor. Thank you. We fully join in the arguments of the state that this appeal should be dismissed as moot. I also just want to address a few points that the appellant raised. The appellant's attempt to refashion this now as a claim for compensatory education, it runs head on into the IDA exhaustion requirement. And as we've argued in our brief, they haven't exhausted their administrative remedies. They would need to go through a two-step administrative due process hearing. Has there been a due process hearing? Did they seek a due process hearing? They allege in their complaint that they filed complaints, due process complaints. But that's not exhausting their administrative remedies. They would need to go to an IHO, get an IHO decision, and then appeal that to an SRO. And they haven't pleaded that they've done that. They argue that they're exempt for various reasons. As we've explained, those exemptions don't apply. They'd have a right to judicial review. We see this all the time. Sure, Your Honor. And they haven't gone through that process for their newfangled claim for compensatory education. They would have to do that and bring that to the proper IDA authorities to have their claim heard first. I also just want to address a couple of misrepresentations of the record. On the PI motion, the city submitted a declaration from a DOE staff member. This is A1236 that affirmed that students whose disabilities limit tolerance for wearing a face covering are not subject to the use of disciplinary measures for failure to wear a mask. So when the mandate was in effect a long time ago, students with disabilities were not disciplined for their inability to wear a mask. Finally, Your Honor, with respect to EF, I know appellants have submitted new material in the appellate record. ECF 77 addresses ECF's case. But they admit in that submission that they never brought their concerns about EF wearing a mask to the attention of DOE, which raises the question of how DOE could be expected to address what they allege are the problems that EF had with mask wearing. So, again, Your Honor, we ask this court to dismiss the appeal as moot. We also think that the case has no merit, as we've explained in our brief. Thank you, Counsel. Thank you. Mr. Bellatoni, you're preserved two minutes. In the special appendix at page 35, and that's 35 of the appendix 11 of the district court's order, he finds exhaustion and he talks about the penancy proceedings or pending proceedings. The court says with those proceedings pending, plaintiffs were not required to separately exhaust their claim that the mask mandate violated 1415J by altering the status quo for their children, where an action alleges a violation of the stay put provision. Such action falls within one, if not more, of the enumerated exceptions to the IDEA's exhaustion requirement. The other issue I wanted to address, and with respect to the way the judge approached the IEPs, on page 10 of his order, special appendix page 34, he says the complaint does not identify any provision in any of the student's IEPs that specifies the students will not wear a mask, except that's not how an IEP works. There's nothing there about teachers won't beat students either, or students in wheelchairs won't be left outside in the sun all day long. What's in the IEP is what the district has to give the children, or the children are entitled to receive. The issue here was the unilateral nature of the mandate as it affected the special education students. I don't think, I know I'm not arguing against the mandate in general, but for special education students, the district had an obligation to do more than just say you can apply for the exemption, you already knew what the grounds were to get that exemption. As you heard, eventually, there was something on the website about students not being disciplined for not wearing a mask, but they were originally. And as far as, is there relief that can be granted, it's not a newfangled claim. As far as the question that was asked, is there relief that can be granted, there is relief. And whether that requires an amendment of the complaint if it's sent back to the district court, whether the judge will recognize the complaint as it is, that's a different issue. But there is relief that can be granted because the mask wearing interfered with the education of these students because of their disabilities. Let me ask you, you just read from the special appendix, the judge's decision where you say he exempted them from the due process proceeding. Could you give me that page again? In Judge Erickson's decision. It's special appendix 35. 35? It's 11 and 12 of his actual opinion. It's 35 and 36 of the special appendix. But that's under the stay put provision, right? That's under the stay put provision of the IDEA, yes. All right. Okay, thank you, counsel. Thank you, your honor. Thank you.